**MITCHELL, d. b. a. SUPERIOR CONSTRUCTION COMPANY, Plaintiff-Appellee, v. REESE, d. b. a. REESE & SONS CONSTRUCTION COMPANY, Defendant-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 6196. Decided October 6, 1959.

Knepper, White, Richards, Miller & Roberts, Milton S. Bartholomew, of Counsel, Columbus, for plaintiff-appellee.

John L. Francis, Jesse Roy, Columbus, for defendant-appellant.

## OPINION

By BRYANT, PJ.

This is an appeal on questions of law from the judgment and final order of the Columbus Municipal Court. That court on December 2, 1958, rendered judgment for $600 in favor of Joseph Mitchell dba Superior Construction Company, appellee, plaintiff below, herein called Mitchell. It also rendered judgment in favor of Mitchell upon the cross-petition of Gene Reese, dba Reese & Sons Construction Company, appellant, defendant below, herein called Reese.

The court below on April 8, 1959, overruled the motion for a new trial filed on behalf of Reese and on Monday, April 27, 1959, nineteen days later, Reese filed his notice of appeal on questions of law; also a praecipe for a transcript of docket and journal entries and original papers and for the bill of exceptions to be filed in this court. The transcript of docket and journal entries and original papers were filed in this court on May 7, 1959, and the bill of exceptions was filed in this court on May 28, 1959.

We have examined the file in this case with care and have consulted the appearance docket, but so far as we can learn nothing has been filed on behalf of Reese since that time.

The question before this court at this time arises upon a motion to dismiss the appeal filed by counsel for Mitchell upon the ground of failure to prosecute the appeal by not complying with the Rules of the Courts of Appeals of Ohio requiring the filing of the brief and assignments of error of Reese within twenty days of the filing of the bill of exceptions. As the bill of exceptions was filed on May 28, 1959, the brief and assignments of error would appear to be due on Wednesday, June 17, 1959.

Counsel for Mitchell relies upon the provisions of Rule VII A (2) (a) of the Rules of the Courts of Appeals of Ohio which reads in part as follows:

"Unless otherwise ordered by the Court or a Judge thereof, assignments of error and briefs shall be filed as follows:

"(a) Within twenty (20) days after the filing of the bill of exceptions with the Clerk of the Court of Appeals, appellant shall file his assignments of error and brief."

Failure to file the brief of appellant and the assignments of error within the time required by the rules of the Courts of Appeals of Ohio is made grounds for dismissal of the appeal by the Appellate Procedure Act (Chapter 2505 R. C.), of which §2505.21 supra, R. C., provides in part as follows:

"Failure to file such briefs and assignments of error within the time prescribed by the court rules is cause for dismissal of such appeal."

In 3 O. Jur. (2d), 531, Appellate Review, §599, it is stated in part as follows:

"* * * under the more recent practice, failure to file briefs within

266

time appears to be one of the most frequently asserted grounds for motion to dismiss appeals on questions of law. **The later cases are virtually legion in which the appellate courts have dismissed such appeals where the briefs were not filed within the time prescribed by rule of court * * *.**" (Emphasis added.)

See cases cited under **Note 7, page 531 in 3 O. Jur. (2d),** and the next two following pages with further cases cited in the supplement at **page 35.**

Applying the above rules to the facts in this case, we observe that the brief on behalf of Reese was due to be filed twenty days after May 28, 1959, the date on which the bill of exceptions was filed in this court, or on Wednesday, June 17, 1959.

The motion to dismiss filed on behalf of Mitchell was not filed until July 27, 1959, when Reese was forty days late. With the motion to dismiss, counsel for Mitchell filed a certificate indicating that copies of the motion to dismiss were mailed at the same time the motion was filed to two attorneys for Reese and since that time two months more have gone by without any response or action on behalf of Reese.

Under the circumstances, it would appear that Reese has lost all interest in the appeal and has abandoned it. We conclude therefore that the motion to dismiss should be sustained, the appeal should be dismissed at the costs of the appellant and the judgment of the court below affirmed. The cause will be remanded to the court below for execution of the judgment.

DUFFY, J, concurs.
MILLER, J, not participating.